1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNESTO LOPEZ,                                          No. C 11-5542 JSC

        Plaintiff,                                   **REPORT AND RECOMMENDATION**
                                                     **REGARDING PLAINTIFF'S**
        v.                                           **APPLICATION TO PROCEED IN**
                                                     **FORMA PAUPERIS**
WACHOVIA MORTGAGE FSB, f.k.a.
WORLD SAVINGS BANK, et al.,

        Defendants.
_____/

     Plaintiff Ernesto Lopez, proceeding pro se, filed this civil action alleging diversity

jurisdiction under 28 U.S.C. § 1332 against Defendants Wachovia Mortgage FSB and Cal-

Western Reconveyance Corporation, seeking to enjoin a foreclosure action for real property

located at 9651 Saren Ct., Elk Grove, California 95624.

     Plaintiff filed an application to proceed in forma pauperis with his complaint. The

Court has reviewed the application and finds that Plaintiff is indigent. Therefore, the Court

recommends that Plaintiff's in forma pauperis application be granted.

     However, the Court has reviewed Plaintiff's complaint and finds that the Court lacks

subject matter jurisdiction over this action because there is not complete diversity among the

parties. <u>See</u> Fed. R. Civ. P. 12(h)(3). Plaintiff is a resident of California. (Dkt. No. 1 ¶ 3).

Defendant Wachovia Mortgage FSB, now Wells Fargo Bank, N.A., is a citizen of South

Dakota, which has its principal place of business in San Francisco, California. <u>See</u>

<u>Gutterman v. Wachovia Mortg.</u>, 2011 WL 2633167, at *1 (C.D. Cal. Mar. 31, 2011)

**United States District Court**
For the Northern District of California

1   (discussing Wachovia Mortgage, now Wells Fargo Bank's citizenship).  Defendant Cal-

2   Western Reconveyance Corporation is a California citizen.  See Latino v. Wells Fargo Bank,

3   N.A., No. 11-2037, 2011 WL 4928880, at *2 (E.D. Cal. Oct. 17, 2011) (wherein Cal-Western

4   Corporation admitted that it was a California citizen).

5          Jurisdiction founded on diversity "requires that the parties be in complete diversity

6   and the amount in controversy exceed $75,000."  Matheson v. Progressive Specialty Ins. Co.,

7   319 F.3d 1089, 1090 (9th Cir. 2003).  Complete diversity means that "each of the plaintiffs

8   must be a citizen of a different state than each of the defendants."  Allstate Ins. Co. v.

9   Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004).  Here, Plaintiff and at least one of the

10  Defendants – Cal-Western Reconveyance Corporation –  are citizens of California.  The

11  Court therefore lacks subject matter jurisdiction over this action and recommends dismissing

12  Plaintiff's complaint without prejudice.

13         The Court notes that it may no longer have a proper mailing address for Plaintiff as

14  mail sent to his last known address as recorded on the docket was returned as undeliverable.

15  (Dkt. No. 6).  As a result, no consent to the jurisdiction of a magistrate judge can be obtained

16  and this matter must be reassigned.

17         **IT IS SO ORDERED.**

18

19

20  Dated: December 12, 2011                          Jacqueline S. Coly
                                            _____
21                                              JACQUELINE SCOTT CORLEY
                                                UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

                                               2